82 F.3d 434
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
D. Keith JONES and Debra Jones, as co-administrators of the
estate of Morgan Kyle Jones, deceased,
Petitioners-Appellants,
v.
SECRETARY OF DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Respondent-Appellee.
 No. 95-5130.
 United States Court of Appeals, Federal Circuit.
 March 26, 1996.
 
 Before ARCHER, Chief Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 CLEVENGER, Circuit Judge.
 
 
 1
 D. Keith Jones and Debra Jones, as co-executors of the estate of Morgan Kyle Jones (Morgan), appeal from the final decision of the U.S. Court of Federal Claims affirming the special master's decision denying vaccine compensation for Morgan's death. Jones v. United States, No. 92-529V (May 3, 1995). We affirm.
 
 
 2
 * We have jurisdiction to hear this appeal under 42 U.S.C. § 300aa-12(f) (1994). The appellants raise the same arguments here as were raised before the special master and the Court of Federal Claims. First, they assert that Morgan experienced an encephalopathy and/or a hypotonic-hyporesponsive episode shortly after her third DPT vaccination, resulting in her death. This, according to appellants, qualifies the case for compensation under the Vaccine Act as a Table Injury occurring within the time specified in the Table. See 42 U.S.C. §§ 300aa-13(a), 300aa-14(a). In addition, appellants argue--as they must--not only that a Table Injury occurred, but that Morgan's death occurred as a sequela of that injury. See 42 U.S.C. § 300aa-11(c)(1)(C)(i), (D)(ii); Hellebrand v. Secretary of Dep't of Health & Human Servs., 999 F.2d 1565, 1570 (Fed.Cir.1993).
 
 
 3
 Second, appellants assert entitlement to compensation alternatively on the ground that Morgan's third DPT vaccination was the actual cause of her death. Whether the appellants can prevail depends on our review of the facts found by the special master and confirmed by the Court of Federal Claims. We review such fact-findings under the arbitrary or capricious standard of review. Munn v. Secretary of Dep't of Health & Human Servs., 970 F.2d 863, 870 (Fed.Cir.1992).
 
 II
 
 4
 The opinions of the special master and the Court of Federal Claims explain clearly and in careful detail the testimony heard by the special master, who as a matter of credibility found the government's medical expert more correct than the appellant's medical expert. Evidence offered by Morgan's parents, unsubstantiated by medical records or a medical opinion, cannot support recovery under the Vaccine Act. See 42 U.S.C. § 300aa-13(a)(1).
 
 
 5
 We have examined the record made before the special master. We cannot say that the facts as found by the special master are arbitrary or capricious. Nor can we fault the decision of the Court of Federal Claims, as reflected in the cogent opinion of the court. For the reasons stated by the special master and the Court of Federal Claims, we affirm the decision denying Vaccine Act recovery.
 
 
 6
 No costs.